IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICO DUKES, )
      Plaintiff, )
 )
v. ) No. 3:17-CV-2506-L
 )
SHREVEPORT LOUISIANA POLICE DEPT. )
and OFFICER BRECO SAVANNAH, )
      Defendants. )

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. The Court has not issued process pending preliminary screening.

Plaintiff claims Defendants made collections against him on an unlawful debt. He seeks money damages. After reviewing the complaint and the applicable law, the Court recommends that this case should be dismissed for improper venue.

II.

Title 28 U.S.C. § 1391(a) governs venue of a federal cause of action. That statute states in pertinent part:

    A civil action may be brought in –

    (1)    a judicial district in which any defendant resides, if all defendants are residents of

the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants are the Shreveport, Louisiana Police Department and Shreveport Police Officer Breco Savannah. These Defendants are located in Shreveport, Louisiana, and their collection of the alleged unlawful debt appears to have occurred in Shreveport, Louisiana. Venue in the Northern District of Texas is therefore improper and the complaint should be dismissed without prejudice to Plaintiff filing his complaint in the proper venue.

III.

The Court recommends that the complaint be dismissed without prejudice for improper venue.

Signed this 20 day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).